## MERRILL COAL MINES, INC. v LOGAN & KANAWHA COAL CO.

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5584. Decided May 15, 1939

Ragland, Dixon & Murphy, Cincinnati, for appellee.

Nichols, Wood, Marx & Ginter, Cincinnati, for appellant.

## OPINION

By ROSS, J.

This is an appeal on questions of law from the Court of Common Pleas of Hamilton County, wherein judgment was rendered for the plaintiff.

The plaintiff stated in its petition that the defendant was indebted to it on a balance of an open account for coal sold by plaintiff to defendant, at its request, which balance the defendant refused to pay. An itemized statement of this account was attached to the petition and made part thereof. It shows sundry debit items running from the 31st of August, 1934 until the 28th of June, 1935; also certain credit items running from the 28th of April, 1935 until August, 1935.

The answer contained three defenses, the first of which was a general denial; the second defense was a hypothetical defense, alleging that if the account of the plaintiff represented goods sold to the defendant, then the balance shown in the account had been paid in full.

The third defense stated that in the early part of May, 1934, a status of principal and agent existed between plaintiff and defendant; that defendant as agent of plaintiff sold its coal and fully and completely accounted to plaintiff for all coal received by it, less deductions for commissions, demurrage, switching charges, and allowances to purchasers of plaintiff's coal made necessary by poor preparation or quality of coal. Defendant further alleges that from time to time it submitted to plaintiff certain reports and memoranda, showing sales to purchasers, commissions, deductions for freight charges, and allowances for such poor preparation and quality of coal and that such report showed a complete accounting for all money due plaintiff from defendant, and that defendant accepted and retained without objection such reports and memoranda and that after such reports defendant drew on plaintiff for balance, shown by such reports and memoranda to be due defendant, and that such reports and memoranda are in plaintiff's possession. The plaintiff filed an amended reply, in which plaintiff denied payment of its account and for reply to the third defense plaintiff alleged that defendant did not act as agent for plaintiff, but as agent for Appalachian Coals, Inc.; that said agreement continued in force until April 1, 1935; that no claims were made for allowances by defendant during the period of such contract; that in February, 1935 the defendant sent plaintiff certain debit memoranda representing debit charges made by defendant against plaintiff; that such charges were not authorized by virtue of allowances for poor preparation of, or poor quality of coal or any other valid reason, but, on the contrary, were arbitrary and unauthorized, and asserts that the plaintiff and defendant entered into an agreement to evade the government regulations by means of a fiction through which the coal was billed to the defendant at the regulated price and sold by the defendant at a lower price, the difference being accounted for by charges for allowance for inferior grades. In some cases, it was claimed the coal itself was billed at the price of an inferior grade, although being actually of a higher quality.

It is claimed also by the defendant that the plaintiff agreed to the program and in fact paid to defendant certain sums in cash based upon this assumption.

It would be useless for this court to endeavor to harmonize these conflicting positions, and it is not the function of this court to pass upon the credibility of the witnesses supporting these adverse claims, in the absence of an affirmative and conclusive showing in the record that any of the evidence supporting these is unworthy of belief. In this state of the record, the court finds itself therefore unable to make any statement as to the evidence other than

that the conclusion of the jury is final thereon.

However, another matter is urgently pressed by the defendant which requires definite action by the court.

On December 10th, 1938, a motion for a new trial was filed. On December 28th, 1938, the court made an entry permitting the plaintiff to file an amended petition to conform to the proof, and on the same day an amended petition was filed. This pleading does not differ radically from the reply. In it the plaintiff alleges that its claim against the defendant is on an account for coal delivered by plaintiff to the defendant as sub-agent of the plaintiff and at the special instance and request of the defendant "at the agreed price, less commissions as therein set forth, a true copy of which account with all charges and credits thereon is hereto attached and made part hereof and marked 'Exhibit A' ". No such exhibit it attached to the amended petition.

Aside from this defect, it is the conclusion of the court that the evidence, not only of the defendant, but that of the plaintiff conclusively showed that the relationship existing between the parties was that of principal and agent and not vendor and vendee, and this conclusion is sustained by the position which the plaintiff now clearly takes upon its amended petition adopting this position and assigning as the reason for filing the same, that it is necessary to cause the pleading to conform to the proof.

If the evidence constitutes a variance and the plaintiff has proved a different cause of action than that alleged and the defendant has shown to the satisfaction of this court that it has been misled and prejudiced, then a new trial must be ordered.

Of course, it is to be noted that the plaintiff knew at all times the facts which it proved at the trial. Why, when these facts conclusively showed a principal and agent relationship, it should have alleged a sale, is not clear. The trial, at the very outset, proceeded under a situation in which to say the least the issues presented by

the plaintiff were clouded.

The defendant in its answer asserted the relationship of the parties to be that of principal and agent. The evidence clearly showed this to be the fact. The reply also, as has been said, tentatively admitted such relationship. There was never much question, therefore, as to this matter in spite of the allegations of the petition to the contrary. The issues were not predicated upon a controversy over this situation and the relationship of the parties. The issues were whether the plaintiff had agreed to certain deductions based upon an understanding, which the plaintiff stoutly asserted never existed, to evade government regulations.

The jury evidently believed the plaintiff's witnesses and did not believe those of the defendant.

**Sec. 11556, GC,** provides:

"No variance between the allegation in a pleading, and the proof, shall be deemed material, unless it has actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits. When it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court. It also must be shown in what respect he has been misled. Thereupon the court may order the pleading to be amended, upon such terms as are just."

How has the defendant under these circumstances been misled?

It has not been misled, unless it has been embarrassed in presenting its defense. **Ralston ▬▬ v Administrator of Kohl, 30 Oh St 92; Benninger v Hess, 41 Oh St 64; Gaines v Transportation & Ins. Co., 28 Oh St 418; 2 O. Jur. 811.**

In **Cohle et v Ricketts, 46 Oh Ap 163,** a case cited by defendant in support of its claim of prejudicial variance, judgment was rendered for the defendant. The plaintiff sought to amend. The court there held the amendment not proper. No question of prejudice from variance was involved. However, we are asked to reverse not so much be-

eause of the amendment as because of the variance. We are unable to see in what manner the defendant was prejudiced in view of what occurred.

By the provisions of §11363, GC, an amendment may be made to conform the pleading to the proof, if such amendment does not substantially change the cause of action or defense. In view of the allegations of the answer and reply, we do not clearly see where the issues as presented by the original pleadings were substantially different from those of the amended petition. We can see no necessity for filing same. If there was a variance between the evidence and the issues as made by the original pleadings, it was not such as to mislead the defendant, who at all times insisted upon the relationship which the amended petition finally definitely admits.

The judgment is affirmed.

HAMILTON, PJ. and MATTHEWS, J., concur.